# Exhibit 5

| | |
|---|---|
| **From:** | Hegyi, Bruce R |
| **To:** | Brian Warren |
| **Cc:** | Min Y Choi (MChoi@NCUA.GOV); Gray, Brad (USATXS) |
| **Subject:** | Edinburg Teachers Credit Union/Subpoena Duces Tecum |
| **Date:** | Wednesday, May 26, 2021 1:46:00 PM |
| **Attachments:** | Brian Warren Letter w encls (05-11-2021).pdf |
| | Brian Warren-Subpoena Duces Tecum (04-20-2021).pdf |
| | Exhibit A-Brian Warren Subpoena Duces Tecum (04-20-2021).pdf |

Mr. Warren:

Thank you for your letter dated May 11, 2021 (copy attached). Your letter states: "As long as I was on the Board of Directors for ETCU, Board policy was to destroy documents at the conclusion of any board meeting. This was done to protect the information of the members. After searching, however, I did discover personal notes I kept during most meetings. These are enclosed. I have no other documents pertaining to ETCU." (Emphasis original.)

As I previously alerted you, when on May 11, 2021 you indicated: "I have no documents to submit. All paperwork was left at Edinburg Teachers Credit Union," the subpoena *duces tecum* (additional copy attached) is broader than merely documents pertaining to ETCU.

The subpoena *duces tecum* compels production of all of the documents implicated in the 17 categories of documents in Exhibit A to the subpoena *duces tecum*. Further, the word "document" is a defined term (*see* Exhibit A, paragraph 1(a)), that includes (without limitation) writings, notes, emails, text messages, contracts, payments, photos, recordings, records, papers, and the like.

In my email to you of May 10, 2021, I alerted you that "we are aware (without limitation) that you have engaged in responsive communications with others outside of the credit union and we are aware that you and Mr. Moats were engaged in a personal financial relationship."

Your May 11, 2021 letter does not address these matters.

In order that there can be no misunderstanding, Exhibit A to the subpoena *duces tecum* specifically requires production (among other things) of the following:

    1.    All documents, communications and/or things to, from, by, with and/or between one or more of Jeffrey Moats, Richard Kanipe, Brian Warren,
        Joe L. Cantu, Jr., Dale Ramos, Donald Strong, Daniel Roma and/or Ted Miller at any time from May 1, 2011 to and including midnight on March 25, 2021;

    2.    All documents, communications and/or things to, from, by, with and/or between one or more of Jeffrey Moats, Richard Kanipe, Brian Warren,
        Joe L. Cantu, Jr., Dale Ramos, Donald Strong, Daniel Roma and/or Ted Miller at any time from midnight on March 25, 2021 to and including the present;

                  \* \*   \*

    14.    All documents and/or things constituting, relating to and/or referring to any business dealings between yourself and any one or more of Jeffrey Moats,
        Richard K. Kanipe, Joe L. Cantu, Jr., Dale Ramos, Donald Strong, Daniel Roma and/or Ted Miller and/or any Immediate Family Member of any of them;

    15.    All documents constituting, relating to and/or referring to any financial arrangements between yourself and any one or more of Jeffrey Moats, Richard
        K. Kanipe, Joe L. Cantu, Jr., Dale Ramos, Donald Strong, Daniel Roma and/or Ted Miller and/or any Immediate Family Member of any of them;

16. All documents and/or things constituting, relating to and/or referring to any <u>loans made, accepted, co-signed, guaranteed by you</u> and any one of more of Jeffrey Moats, Richard K. Kanipe, Joe L. Cantu, Jr., Dale Ramos, Donald Strong, Daniel Roma and/or Ted Miller and/or any Immediate Family Member of any of them; and

17. All documents and/or things constituting, relating to and/or referring to any <u>monetary and/or non-monetary gifts and/or gratuities (and/or the like)</u> you made to and/or received from any one or more of Jeffrey Moats, Richard K. Kanipe, Joe L. Cantu, Jr., Dale Ramos, Donald Strong, Daniel Roma and/or Ted Miller and/or any Immediate Family Member of any of them.

In a final effort to avoid the need to file a legal action in Federal Court against you, please be advised that we are aware (without limitation) that:

- You had a personal financial relationship with Jeffrey Moats; that he made you at least one $10,000 personal loan, with regard to which you made monthly payments to him over several years;
- Mr. Moats and various (former) Board Members frequently engaged in text communications and/or email communications before and/or after March 26, 2021; and
- Mr. Moats made regular cash gifts and/or other gifts to the various (former) Board Members.

Your May 11, 2021 letter does not address any of these matters.

Therefore, I renew my request that you please consult with an attorney who can advise you of your rights, obligations, and responsibilities in relation to the subpoena *duces tecum* and that you please forward immediately to such attorney this email, its attachments, and all of the other communications that have passed between us. In addition, I ask that you please (1) request that your attorney to please contact me immediately, and (2) provide me with the name and contact information for such attorney in order that I may communicate with him or her directly.

If you choose not to retain an attorney, we ask that you to please inform us <u>no later than 5:00 pm on Friday, May 28, 2021 by return email</u>, when we can expect to receive your remaining responsive documents.

**Bruce R. Hegyi**
Trial Attorney
Office of General Counsel
National Credit Union Administration
1775 Duke Street, 6th Floor
Alexandria, VA  22314
(703) 518-6557 (office)
(703) 536-4774 (cell)
bhegyi@ncua.gov